**WO**                                                                                          SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rockney Willard Martineau, | No. CV 07-1252-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Rockney Willard Martineau, who is confined in the Maricopa County Towers Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant to answer the Complaint.

Plaintiff has also filed a Motion for a Temporary Restraining Order and Preliminary Injunction, which the Court will deny without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $12.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

**TERMPSREF**

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff names Sheriff Joseph M. Arpaio as Defendant. The Complaint contains one count. Plaintiff alleges that Defendant Arpaio has instituted a policy of limiting incoming mail to metered postcards. Plaintiff alleges that this policy unreasonably infringes on his right to receive mail from his family and business and that security concerns are unfounded or can be dealt with in ways that do not limit mail to a postcard.

Plaintiff seeks a temporary restraining order, preliminary injunction, and court costs and fees.

Plaintiff's allegations adequately state a claim, and the Court will direct Defendant to answer the Complaint.

## IV. Temporary Restraining Order and Preliminary Injunction

Plaintiff has filed a motion for a temporary restraining order and preliminary injunctive relief. Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may not be granted without written or oral notice to the adverse party unless:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

1 Plaintiff has not satisfied the requirements for a temporary restraining order.  Moreover, the
2 Court finds that the harm Plaintiff alleges is speculative and therefore does not warrant the
3 issuance of a temporary restraining order before Defendant or his attorney can be heard in
4 opposition.  The standard for issuing a temporary retraining order is the same as the standard
5 for issuing a preliminary injunction.  Whitman v. Hawaiian Tug & Barge Corp./Young Bros.,
6 Ltd.Salaried Pension Plan, 27 F.Supp. 2d 1225, 1228 (D. Haw. 1998).

7 When seeking injunctive relief the moving party must show either: "(1) a likelihood
8 of success on the merits and the possibility of irreparable injury; or (2) that serious questions
9 going to the merits were raised and the balance of hardships tips sharply in its favor."
10 Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999).  These two formulations
11 both operate as a sliding scale, whereby a stronger showing of irreparable harm can
12 compensate for a weaker likelihood of success.  See id.; United States v. Nutri-cology, Inc.,
13 982 F.2d 394, 397 (9th Cir. 1992).  Under either test, the movant bears the burden of
14 persuasion, Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and
15 must *demonstrate* a significant threat of irreparable injury.  AGCC v. Coalition for Economic
16 Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).  In other words, a plaintiff must show a real or
17 immediate threat—a likelihood of substantial and immediate irreparable injury.  Gomez v.
18 Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) (quotation and citation omitted).  Speculative
19 injury is not sufficient.  Caribbean Marine Servs. v. Baldridge, 844 F.2d 668, 674 (9th Cir.
20 1988).

21 In his motion, Plaintiff asserts that a policy that limits communication to postcards is
22 inadequate for communication between an inmate and his family, would prohibit inmates
23 from conducting business, and would be inadequate for legal matters such as wills and
24 powers of attorney. But the limitations, at least as alleged, are merely general and
25 speculative; Plaintiff does not even state that he is actually being prevented from engaging
26 in any particular communication as a result of the policy.  Plaintiff has not alleged or
27 established a real or immediate threat of injury.

28

1	Finally, under Federal Rule Civil Procedure 65(a)(1), no preliminary injunction can
2	be issued without notice to the opposing party.  Defendant has not yet been served in this
3	action. In addition, neither Plaintiff's motion nor the accompanying Memorandum of Points
4	and Authorities indicate that Plaintiff provided notice to Defendant of his request for
5	preliminary injunctive relief.  Consequently, Plaintiff's request for a preliminary injunction
6	will be denied.

**V.	Warnings**

**A.	Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.	Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.	Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.	Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

1  **IT IS ORDERED:**

2     (1)   Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
3  is **GRANTED**.

4     (2)   As required by the accompanying Order to the appropriate government agency,
5  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $12.00.

6     (3)   Defendant must answer the Complaint.

7     (4)   Plaintiff's Motion for a Temporary Restraining Order and Preliminary
8  Injunction (Doc. #3) is **DENIED without prejudice**.

9     (5)   The Clerk of Court must send Plaintiff a service packet including the
10 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
11 Defendant.

12    (6)   Plaintiff must complete and return the service packet to the Clerk of Court
13 within 20 days of the date of filing of this Order.  The United States Marshal will not provide
14 service of process if Plaintiff fails to comply with this Order.

15    (7)   If Plaintiff does not either obtain a waiver of service of the summons or
16 complete service of the Summons and Complaint on Defendant within 120 days of the filing
17 of the Complaint **or** within 60 days of the filing of this Order, whichever is later, the action
18 may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

19    (8)   The United States Marshal must retain the Summons, a copy of the Complaint,
20 and a copy of this Order for future use.

21    (9)   The United States Marshal must notify Defendant of the commencement of this
22 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
23 Rules of Civil Procedure**.**  The notice to Defendant must include a copy of this Order.  The
24 Marshal must immediately file requests for waivers that were returned as undeliverable and
25 waivers of service of the summons.  If a waiver of service of summons is not returned by
26 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
27 Marshal must:

28

     (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

     (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 2nd day of July, 2007.

_____
Stephen M. McNamee
United States District Judge